**Devorah SHABTAI, Plaintiff–Appellant,**

v.

**Rudolph GIULIANI, et al.,
Defendant–Appellee.**

**Docket No. 01–7920.**

United States Court of Appeals,
Second Circuit.

Oct. 11, 2002.

Devorah Shabtai, pro se, Brooklyn, NY, for Appellant.

Marta Ross, Esq., Corporation Counsel's Office, New York, NY, for Appellee.

Present MINER, SOTOMAYOR and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Devorah Shabtai, *pro se*, appeals from the June 29, 2001 judgment of the United States District Court for the Eastern District of New York (Frederic Block, Judge), *sua sponte* dismissing her civil complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B), for lack of jurisdiction and failure to state a cause of action. We review the district court's dismissal of a complaint under § 1915(e)(2)(B) *de novo.* *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001).

Shabtai filed a complaint in June 2001 against New York City Mayor, Rudolph Giuliani, the City of New York, several New York State agencies and organizations, and private individuals alleging: (1) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (2) fraud; (3) conspiracy; and (4) intentional infliction of emotional distress. Shabtai sought monetary damages.

We agree with the district court, for substantially the reasons set forth in its memorandum decision and order, that Shabtai failed to state a RICO cause of action. In addition, dismissal of Shabtai's state-law claims was proper because either the district court lacked jurisdiction over those claim pursuant to 28 U.S.C. § 1332 or judicial economy, convenience, fairness and comity suggest that the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, if permissible, was not appropriate. *See Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

Shabtai's argues, on appeal, that the district court should have permitted her to amend her complaint. However, Shabtai's complaint contained substantive problems that an amended complaint would not have cured. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000).

Accordingly, the judgment of the district court is hereby AFFIRMED.